# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON M. MYERS, | ) |
| Plaintiff, | ) |
| | ) 2:16-cv-01312-NBF |
| v. | ) |
| | ) District Judge Nora Barry Fischer |
| AUTOZONERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Upon consideration of the Motion to Dismiss (Docket No. 23) filed by Autozoners, LLC, ("Defendant"), Damon M. Myer's ("Plaintiff") Response (Docket No. 30) thereto, and the parties' oral argument at the March 28, 2017, Motion hearing, the Court will DENY said Motion.

### I. MEMORANDUM

#### A. INTRODUCTION

Defendant presently seeks dismissal of Plaintiff's sole remaining claim at Count I of the Second Amended Complaint (Docket No. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's primary contention is that Plaintiff has failed to plead sufficient factual matter to sustain a claim for race-based failure to promote under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951 *et seq.* ("PHRA").

#### B. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim, and show that the pleader is entitled to relief. Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6)

when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). Moreover, a pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F.3d at 213 (quoting *Graff v. Subbiah Cardiology Assoc., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of…facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation

of the elements of a cause of action." *Phillips*, 515 F.3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## C. Discussion

In or around May of 2013, Plaintiff – a part-time "Commercial Driver" for Defendant – requested that his Store Manager Mike Pierce promote him to full-time status. (Docket No. 21 ¶ 9). At that point in time, Plaintiff – an African American – had been employed by Defendant for approximately eighteen (18) months. (*Id.*). Plaintiff's request was denied; however, Mr. Piece ultimately promoted Plaintiff to a better – albeit part-time – position as a "Driver, Hub/Feeder" on June 2, 2013. (Docket No. 21 ¶ 10). Plaintiff did not receive any employment benefits associated with full-time status, as a result. (*Id.*).

Plaintiff continued to express interest in other promotional opportunities at his place of employment, and for full-time status. (Docket No. 21 ¶ 11). He did not receive any requested promotions. (*Id.*). Instead, during the same period of time, at least ten (10) other Caucasian employees received promotions to positions in which Plaintiff had expressed an interest, or received full-time status, and many of these employees had less time with Defendant than Plaintiff. (*Id.*). Plaintiff was also denied training opportunities which could have qualified him for better positions. (Docket No. 21 ¶ 13). Caucasian employees were not denied the same training. (*Id.*).

In his Response to Defendant's Motion to Dismiss, Plaintiff conceded that these facts, as pled, could only support a Title VII claim for failure to promote. (Docket No. 30 at 2).

3

Nonetheless, Defendant argues that even these facts are insufficient to state a claim for failure to promote. (Docket No. 24 at 5 – 7). Specifically, the factual averments in paragraph 11 of the Second Amended Complaint provide few – if any – dates with which to determine whether or not certain Caucasian co-worker's promotions, and denial of same to Plaintiff, occurred within 300 days of Plaintiff's Equal Employment Opportunity charge.[1] (*Id.*) Plaintiff argues, in turn, that discovery is needed to determine the exact timeline. Discovery is likewise necessary to confirm that Plaintiff was qualified for these positions, and at least as qualified as the employees who ultimately obtained the positions.

The pleading requirements of Rule 8(a)(2) are meant to provide a defendant with fair notice of what a plaintiff's claim is and the grounds on which it rests. *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The grounds pled need only plausibly suggest that discovery will reveal evidence to support the claim. *Id.* at 556. The Court need not consider whether the grounds are or are not probably true, *Iqbal*, 556 U.S. at 696, because it is the purpose of discovery to "'uncover evidence of the facts pleaded in the Complaint,'" *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311, at *9 (W.D. Pa. Mar. 31, 2009) (quoting *Smith v. Lyons, Doughty & Velduius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008)), and "clarify whether a plaintiff's claims have merit." *Georges v. Ettline Foods Corp.*, 2017 WL 939018, at *3 (M.D. Pa Feb. 21, 2017). In the instant matter, if discovery yields dates within the applicable limitations periods[2] under Title VII and the PHRA, Plaintiff's pleadings could conceivably establish a *prima facie* claim of failure to promote. Thus, the parties having otherwise agreed

---

[1] Or 180 days, for purposes of a claim under the PHRA. (Docket No. 24 at 7 n. 3).

[2] To the extent that any of the denied promotions fall outside of the limitations period under Title VII or the PHRA, evidence of same may still be introduced to provide background at trial, and a limiting instruction would be provided to the jury. *Mavrinac v. Emergency Medicine Ass'n of Pittsburgh (EMAP)*, 2007 WL 2908007, at *12 (W.D. Pa. Oct. 2, 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Any rulings on this evidence will be held in abeyance until summary judgment or trial.

that Count I of the Second Amended Complaint adequately pleads a claim for failure to promote (Docket Nos. 30 at 2; 24 at 7 – 8), Defendant's Motion to Dismiss will be denied.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion to Dismiss [23] is denied, and Plaintiff shall be allowed to proceed with his claim to the extent that he is asserting a cause of action for failure to promote on the basis of race under Title VII and the PHRA.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 31, 2017
cc/ecf: All counsel of record.